Luis DAVILA NEGRON, et al., Plaintiffs,

v.

Hon. Juan BAUZA SALAS, et al., Defendants.

Civ. No. 86–0229 (JP).

United States District Court, D. Puerto Rico.

July 15, 1987.

Frank Rodríguez García, Ponce, P.R., for plaintiffs.

Alice Net Carlo, García Rodón & Valderas, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff Luis Dávila Negrón filed a civil rights action alleging that defendants, officials of the Department of Agriculture, deprived plaintiff under color of state law of his rights under the first and fourteenth amendments of the Constitution of the United States. Defendants are sued in their official capacities. Plaintiff asserts that he was removed from his position as Agriculture Promotion and Development Administration's Arecibo Regional Director solely because of his political affiliation. This Court has subject matter jurisdiction over this case through 28 U.S.C. sections 1331 and 1343(3).

Defendants have filed a motion for summary judgment on the basis of qualified immunity.

> Summary judgment is proper
>
> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court must examine the record "in the light most favorable to the party opposing the motion." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (1962).

> Similarly the court must indulge all inferences favorable to the party opposing the motion. Those rules must be applied with recognition of the fact that it is the function of summary judgment "to pierce formal allegations of facts in the pleadings ...", and to determine whether further exploration of facts is necessary.
>
> The language of Rule 56(c) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both "genuine" and "material." A material issue is one that affects the outcome of this litigation.

*Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (citations omitted), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

As the Supreme Court has recently amplified, the existence of some alleged factual dispute will not defeat a summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986) (emphasis in original); *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987).

Pursuant to the stipulations of the parties, the Court finds that there is no genuine issue as to the following material facts:

1. On April 1, 1983, plaintiff was promoted to the position of Regional Administrator of Arecibo for the Administración de Fomento y Desarrollo Agrícola (AFDA). The agency was later transformed into the Administración de Servicios Agrícolas (ASA).

2. As Regional Director, plaintiff's OP–16 listed the following duties:

a) Planning, directing, coordinating, organizing, supervising and administering at the regional level all activities held in the region.

b) Represents A.F.D.A. Administrator and the Agriculture Secretary at Arecibo Region.

c) Advises A.F.D.A. Administrator in matters related with the activities developed in the programs at the Arecibo Region.

d) Analyzes, evaluates and follows-up to the Agricultural Development Program in the region.

e) Coordinates with different federal and local agencies, other regional offices and work units of A.F.D.A., those activities related with the Agricultural programs under his charge.

f) Makes recommendations to the Secretary and to the Land Use Regulations and Permit Unit Administration.

g) Is responsible of the property, equipment, materials and products under the region jurisdiction.

h) Prepares budgetary petitions to the region, recommends and process personnel transactions.

i) Prepares statistical and narrative reports for the Administrator.

j) Divulges specially to the farmers the Department of Agriculture and A.F.D.A. programs and takes care of farmers' special problems.

k) Executes, develops, and follows-up the Incentive and Services Programs in his agricultural region.

l) Performs any other similar duties assigned by the Administrator.

3. Plaintiff directly supervised the following subordinates:

a) the Region Sub-Administrator

b) the Chief of Field Operations

c) the Administrative Officer

d) The Secretary IV

4. Plaintiff held this appointment as a trust employee as defined in 3 L.P.R.A. § 1350 (1978).

5. Plaintiff held the probationary position of Chief of Field Operations for the Region of Jayuya from September 1982 until his elevation to the Regional Directorship.

6. Prior to the probationary position of Chief of Field Operations, plaintiff held the career position of Agronomist III with the Program of Administration in the Ponce Regional Office.

7. The New Progressive Party (NPP) lost the Puerto Rico general elections in 1984, and with it control of the executive branch of the Commonwealth government.

8. The standard bearer of the winning Popular Democratic Party (PDP), Rafael Hernández Colón, took office as Governor of Puerto Rico in early 1985.

9. Defendant Bauzá was appointed Secretary of the Department of Agriculture of the Commonwealth of Puerto Rico after the change of administration.

10. Defendant Cruz Manuel Rodríguez was appointed Executive Director of the Agricultural Services Administration, an agency of the Department of Agriculture, after the change of administration.

11. Plaintiff is a member of the NPP.

12. Plaintiff ran for the post of mayor of Jayuya on the NPP ticket in the 1984 primary election and has been an active member of the NPP since 1976.

13. At a meeting with defendant Rodríguez on February 19, 1985, plaintiff was informed that he was being removed from his position as Regional Director effective March 1, 1985, and returned to his previous career position as Agronomist III.

### A. *First Amendment Claim*

■ Whether political affiliation may be an appropriate requirement for the position of Regional Director at ASA is answered by the two-part analysis set forth in *Jiménez Fuentes v. Torres Gaztambide,* 807 F.2d 236 (1st Cir.1986) (en banc), *cert. denied,* —— U.S. ——, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987). The first inquiry is "whether the position at issue, no matter how policy-influencing or confidential it may be, relates to 'partisan political interests ... [or] concerns.'" *Jiménez Fuentes,* 807 F.2d at 241, *quoting Branti v. Finkel,* 445 U.S. 507, 519, 100 S.Ct. 1287, 1295, 63 L.Ed.2d 574, 584–85 (1980). "That is, does the position involve government decision-making on issues where there is room for political disagreement on goals or their implementation? Otherwise stated, do party goals or programs affect the direction, pace, or quality of governance?" *Jiménez Fuentes,* 807 F.2d at 241–42. In *Mendez Palou v. Rohena Betancourt,* 813 F.2d 1255 (1st Cir.1987), one of the three appellees worked for the Puerto Rico Aqueduct and Sewer Authority (PRASA). Although the "room for political disagreement" in that agency was not thoroughly examined, the decision tacitly assumed that the first *Jiménez Fuentes* inquiry was satisfied. Although the provision of fresh water and disposal of waste water to the citizenry may seem mundane, it can be politically charged. In *Tomczak v. City of Chicago,* 765 F.2d 633 (7th Cir.1985), the Seventh Circuit characterized the district court's assessment of the provision of universal water services as apolitical "an unduly myopic view of the role of politics." *Tomczak,* 765 F.2d at 641. The Court stat-

ed that the "primary function of any local governmental entity is the provision of services" and that elections "often turn on the success or failure of the incumbent to provide these services." *Id.* Here, the PDP included in its 1984 platform specific proposals for restructuring the Department of Agriculture and changing services provided by the department.

The position of Regional Director supervises the whole panoply of services by the ASA within the appropriate region. We therefore hold that the position satisfies the first inquiry.

Our second inquiry involves the inherent power and privileges of the position of Regional Director. As can be readily ascertained by perusal of the classification questionnaire, the Regional Director has responsibilities that are not well defined and are of broad scope in that he is responsible for "planning, directing, coordinating, organizing, supervising, and administering at the regional level all activities." The Supreme Court has noted that this sort of grant of authority more likely is made to a person who "functions in a policymaking position." *Elrod v. Burns,* 427 U.S. 347, 368, 96 S.Ct. 2673, 2687, 49 L.Ed.2d 547, 562 (1976). It is also evident that plaintiff operates as spokesperson for the administrator. Plaintiff also makes recommendations to the Secretary of Agriculture and prepares budgetary petitions. In short, the Court must conclude that Davila Negrón did not benefit from a clearly established constitutional right protecting him from dismissal because of this NPP affiliation. *Rosario Nevárez v. Torres Gaztambide,* 820 F.2d 525, 528 (1st Cir.1987); *Mendez Palou,* 813 F.2d at 1262; *Jiménez Fuentes,* 807 F.2d at 246. Further, the appropriateness of political affiliation for a particular position need not be adduced at trial. It is apparent from the uncontroverted facts on the record. *Rosario Nevárez,* at 528 n. 6. This case can therefore be dismissed on the merits.

### B. *Fourteenth Amendment Claim*

■ Defendants also move for qualified immunity for damages resulting from plaintiff's fourteenth amendment right to

due process. In order to have a protected property right, plaintiff must have a property interest. Property interests are creations of sources outside the Constitution, such as state law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). Davila Negron's position as Regional Director was classified as one of trust and the record indicates that this status remained unchanged. Trust positions are of "free selection and removal" under Puerto Rico law, and this status does not endow the holder with a constitutionally protected property interest. *Laureano Agosto v. Garcia Caraballo*, 731 F.2d 101 (1st Cir.1984). Defendants are entitled to judgment on this claim.

Therefore, this case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.