**Francisco LAUREANO–AGOSTO, Plaintiff, Appellant,**

v.

**Ramon GARCIA–CARABALLO, etc., Defendant, Appellee.**

No. 83–1461.

United States Court of Appeals, First Circuit.

Argued Feb. 7, 1984.

Decided April 12, 1984.

102

Jesus Hernandez Sanchez, San Juan, P.R., for plaintiff, appellant.

Rafael A. Mirabal-Conde, Caguas, P.R., with whom Francisco Aponte Perez, Santurce, P.R., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Appellant brought an action against the Mayor of Gurabo, Puerto Rico, under 42 U.S.C. § 1983. Appellant alleged in his complaint that 1) the Mayor discharged him

* Of the Fifth Circuit, sitting by designation.

from his position as Town Director of Personnel and School Director; 2) the Mayor did not provide a hearing or other typical amenities of "due process;" and 3) after the discharge the Mayor broadcast over the radio that appellant had been involved in certain dishonest activities. These facts, in appellant's view, show an infringement of his Fourteenth Amendment rights not to be deprived of "liberty" or "property" without "due process of law." The district court concluded that appellant's complaint, read in the light of undisputed facts, did not show any protected "liberty" or "property" interests. Hence, there was no unlawful infringement of appellant's federal rights. We agree that the court properly dismissed the complaint.

I

Appellant argues that his interest in his government job amounted to a "property" interest that the Fourteenth Amendment protects. To show this here, he must show that under Commonwealth law he did not serve in his job at his employer's "will," but he could be removed only "for cause." *Bishop v. Wood,* 426 U.S. 341, 344–47, 96 S.Ct. 2074, 2077–79, 48 L.Ed.2d 684 (1976); *Beitzell v. Jeffrey,* 643 F.2d 870, 874 (1st Cir.1981). The district court, whose judgment on these matters we respect, *Bishop v. Wood,* 426 U.S. at 345–46, 96 S.Ct. at 2077–78; *Gual Morales v. Hernandez Vega,* 604 F.2d 730, 732 (1st Cir. 1979), found that Commonwealth law made appellant an "at will," not a "tenured," employee. And, we see nothing erroneous about that legal conclusion.

The personnel law in effect when appellant was first hired (July 1980), when he was transferred to a new job (January 1981), and when he was discharged (October 1981), is contained in the Puerto Rico Public Service Personnel Act of 1975. 3 L.P.R.A. § 1301 *et seq.* That Act divides municipal personnel into two categories, "career" employees and "confidential" employees. 3 L.P.R.A. § 1421. Confidential employees "are those who intervene or collaborate substantially in the formulation of

public policy, who advise directly or render direct services to the head of the agency." 3 L.P.R.A. § 1350. The Act specifies that "confidential" employees are "of free selection and removal." *Id.* The parties do not dispute that appellant's job has the characteristics that the Act's "confidential" employee description sets forth. And, if that section applies to appellant, the remainder of the Act makes clear that he could be fired without "cause." *See Guerra Garcia v. Collazo Collazo,* 113 D.P.R. ——, 82 JTS 90 (May 28, 1982); *Morales Narvaez v. Oficina del Gobernador,* 112 D.P.R. 761, 766–67 (1982); *Pierson Muller v. Feijoo,* 106 D.P.R. 838, 852 (1978).

Appellant makes three arguments to the contrary. First, he claims that the Act does not apply to him because a different act in effect in 1980 and 1981—the old Puerto Rico Municipal Law (repealed by Act No. 146 of June 18, 1980, effective July 1, 1981)—gave him tenure rights. That law states that "municipal officers and employees may be removed from office by the Mayor, for just cause," it says that the Mayor's appointees shall serve throughout his term "unless sooner removed for just cause," and it specifies certain procedures for use when "cause" is at issue. 21 L.P.R.A. §§ 1553 and 1263 (repealed 1980). If this law applies, appellant may well have tenure rights. But, a closer examination of Puerto Rico's law indicates that the Personnel Act, not the old Municipal Law applies.

The Personnel Act, which took effect in 1976, specifically states as an objective the application of its principles to "all public employees, whether they are Commonwealth or municipal." 3 L.P.R.A. § 1311(2). It defines municipalities as "individual administrators," the subject of numerous specific Act provisions. 3 L.P.R.A. § 1343. And, it expressly states that "the employees of municipal government shall be classified as career or confidential employees." 3 L.P.R.A. § 1421. The force of these provisions would seem significantly eroded, were they not to apply to a mayor's appointees. Thus, the Commonwealth Supreme Court has held that the Act applies

to municipal employees—at least to those, like appellant, appointed after 1976 when the Act took effect. *Franco v. Municipio de Cidra,* 113 D.P.R. ——, 82 JTS 112 (June 29, 1982); *Pizarro v. Municipio de Carolina,* 112 D.P.R. 822 (1982); *Colon Perez v. Municipio de Ceiba,* 112 D.P.R. 740 (1982); *Delbrey v. Municipio de Carolina,* 111 D.P.R. 492 (1981); *Delgado Rivera v. Iglesias Perez,* 109 D.P.R. 5 (1979). And, in so holding, it effectively decided that the 1976 Act superseded conflicting provisions in the Municipal Law.

■ Second, appellant argues that the Act does not apply to him because it does not, in and of itself, categorize municipal employees as "career" or "confidential;" rather, it says that municipal employees "shall be classified as" the one, or the other; it calls for a "plan" of classification, 3 L.P.R.A. §§ 1347(1) and 1351(1), and the Town of Gurabo had not made a classification plan. The Commonwealth Supreme Court, however, has rejected this argument as well, for it has held that the "classification" provisions of the Act apply of their own force; they apply even if the town has not made the plan that the Act calls for. *Franco v. Municipio de Cidra, supra; Delgado Rivera v. Iglesias Perez, supra.*

■ Third, appellant argues that a new Municipal Law, which came into effect in July 1981, helps him. It says that "municipal ... officials shall maintain the rights acquired" under the old Municipal Law; and, it says that municipal officials holding positions under the old Municipal Law "shall continue in their posts until the term of their appointment expires." 21 L.P.R.A. §§ 3501(f) and 3359(g). The quoted language makes clear, however, that the new law gives appellant no greater right than he had under the old. And, since the old Municipal Law gives him no greater right than he had under the Personnel Act, he was without tenure and the Fourteenth Amendment does not automatically require a hearing before his dismissal.

## II

■ Appellant claims that, in making defamatory comments on the radio, the Mayor deprived him of a protected "liberty" interest without "due process of law." The Supreme Court, in *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972), suggested that the Fourteenth Amendment may offer protection against government actions that defame an individual—at least where the defamation is of the sort that could "seriously damage [a person's] standing and association in his community." In *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976), however, the Court stated specifically that "reputation alone, apart from some more tangible interests such as employment [is not] either "liberty" or "property" by itself sufficient to invoke the procedural protection of the Due Process Clause." Rather, the injury to reputation must occur together with some other "alteration of status." *Id.* at 706–10, 96 S.Ct. at 1163–65. Where the other "alteration" involves a job, the Court said, "the defamation had to occur in the course of the termination of employment." *Id.* at 710, 96 S.Ct. at 1165. Thus, the question for us, under *Paul,* is whether the defamation, as alleged in the complaint, occurred "in the course of the termination" of appellant's job.

We believe that it did not. The Mayor's comments were made on the radio, after the discharge; they were not made as part of the discharge proceeding. Moreover, they were made by the Mayor, not by a newsreporter describing the discharge proceeding. There is nothing in the complaint to suggest that the discharge made public comments, such as those of the Mayor, necessary, inevitable, or even likely. Where one knows in advance that a discharge will likely lead to publicly-known governmental claims that an employee is, say, dishonest (and if such claims are in fact made), it makes sense to require some form of hearing; the employee can dispute the claims publicly and has a chance to save his reputation, if not his job (though the Supreme Court has not expressly held even this in respect to an "at will" employee). Unless, however, defamatory assertions are made before or during the discharge or one has good reason in advance to believe that the discharge of an "at will"

employee will produce such *public* claims, a pre-termination-hearing requirement as a general matter is less necessary. To require it would simply erase in many instances the constitutional distinction between the "at will" and the "tenured" employee. We can find no authorization in the case law for our doing so. It is equally difficult to find any basis for requiring a hearing after the termination, but before the remarks, unless "reputation" separately enjoys constitutional protection—a premise that *Paul* denies.

All this leads us to conclude that the "defamation" was separate from the employment termination; and that it is a fit subject for an action under Commonwealth tort law, 31 L.P.R.A. § 5141; 32 L.P.R.A. § 3141, not for the procedures that the "due process" clause of the Fourteenth Amendment typically requires.

The judgment of the district court is *Affirmed.*