Gonzalo NAVAS CHABRAN, Plaintiff,

v.

Alejandro SANTIAGO NIEVES, individually and as Secretary of the Department of Natural Resources of the Commonwealth of Puerto Rico, Defendant.

Civ. No. 85-0922(JP).

United States District Court,
D. Puerto Rico.

July 24, 1987.

Pedro Miranda Corrada, San Juan, P.R., for plaintiff.

Carlos Del Valle, Ramírez & Ramírez, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff Gonzalo Navas Chabrán brought this action for back pay, damages, declaratory relief and injunctive relief against Alejandro Santiago Nieves, individually and as Secretary of the Department of Natural Resources of the Commonwealth of Puerto Rico, pursuant to 42 U.S.C. § 1983. Plaintiff alleges a cause of action arising under the first and fourteenth amendments to the United States Constitution for this dismissal from his trust position of Regional Director II in Arecibo. He alleges he was fired because of his political affiliation.

The matter is before the Court on defendant's Motion for Summary Judgment. In support of its motion, defendant argues that political affiliation is an appropriate requirement for the effective performance of the public office.

The record reveals the following uncontested material facts.

Plaintiff, over 50 years of age, has been employed since February 9, 1977, in the Department of Natural Resources as a Specialist in Natural Resources IV, a trust position. On March 1, 1979, he was appointed Regional Director II in Arecibo, also a trust position. He received a letter of termination dated March 7, 1985, and signed by the Secretary of the Department of Natural Resources, Alejandro Santiago

Nieves. Plaintiff was provided no hearing prior to his termination. The OP–16 job classification form that describes plaintiff's position is signed by the plaintiff.

Defendant Alejandro Santiago Nieves is a member of the Popular Democratic Party (PDP), the political party whose candidate, Rafael Hernández Colón, was elected Governor of the Commonwealth of Puerto Rico in the general elections held on November 6, 1984, and who presently holds said office. Santiago Nieves was appointed Secretary by Governor Hernández Colón after the latter had taken office as the Governor on January 2, 1985. In his capacity as Secretary, defendant is responsible for the administration of the agency, including personnel selection. Plaintiff is a member of the New Progressive Party (NPP), the political party whose candidate lost the general elections of November 6, 1984.

### I. *The Standard for Summary Judgment*

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting Co.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

### II. *Qualified Immunity*

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadía v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod*, the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti*, 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod*, 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadía, supra*, 792 F.2d at 1191.

Under the *Branti-Elrod* analysis, the threshold inquiry is to determine whether the position at issue relate to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide*, 807 F.2d 236, 240 (1st Cir.1986). *See also Collazo Rivera v. Torres Gaztambide*, 812 F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez Fuentes*, 803 F.2d at 6; *Collazo Rivera*, 812 F.2d at 261.

The First Circuit has further expanded the threshold inquiry by addressing whether the agency involved "handled matters potentially subject to political differences and to focus upon how the plaintiff's position influenced the resolution of such mat-

ters." *Mendez-Palou v. Rohena-Betancourt*, 813 F.2d 1255, 1258 (1st Cir.1987). This inquiry is designed to eliminate from further consideration those positions involving "strictly technical or professional" functions. *Mendez-Palou*, 813 F.2d at 1258.

The Department of Natural Resources is an administrative agency within the Department of Transportation and Public Works. Its objective is to conserve the natural resources of Puerto Rico. 3 L.P. R.A. § 429b. Among the functions of the Assistant Secretary in charge of Natural Resources is to make recommendations to the Department of Transportation and Public Works regarding the maximum use of government funds for the utilization of natural resources, to seek federal grants, and to make recommendations to other government agencies regarding conservation. *Id.* We think that the Department's work is of a political nature. The utilization and conservation of our vital natural resources has always been a highly charged matter. One need only remember the recent debate over the attempted logging of the Caribbean Natural Rain Forest by the U.S. Forest Service and the hard-fought opposition.

Having found that the first inquiry is satisfied, we now focus on the inherent powers and privileges of the position of Regional Director. To satisfy this test, the only proper inquiry is the OP–16 job classification form. *Mendez-Palou*, 813 F.2d at 1260.

Whenever possible we will rely on this document because it contains precisely the information we need concerning the positions' inherent powers and responsibilities to address the issue of qualified immunity.

Furthermore, in *Rosario Nevárez v. Torres Gaztambide*, 820 F.2d 525 (1st Cir.1987), the First Circuit held that after a five-day bench trial on the merits regarding the dismissal of a Regional Director of the Rural Housing Administration (RHA), the trial judge's consideration of live testimony was unnecessary, and only a consultation with the OP–16 was appropriate. "This testimony is irrelevant, however, because

our analysis must focus upon the 'inherent powers' of the position—that is, those described in the job description—not the duties actually performed." At 528 n. 6. *See also Collazo Rivera v. Torres Gaztambide*, 812 F.2d 258 (1st Cir.1987) (review of a grant of a preliminary injunction against the removal of a Regional Director of the RHA focused only on the OP–16). The First Circuit has delineated no other approach in deciding this issue other than to scrutinize the OP–16 job classification form.

We find it necessary to paraphrase only the most salient functions of the OP–16 as they may relate to policymaking, access to confidential information and communication or other indicia that require party affiliation.

"Programs, directs, coordinates and supervises the programs ... related to ... conservation;" Represents the "Secretary of the Natural Resources Department and the Assistant Secretaries at the municipal, regional level or at other executive agencies;" "Assigns, coordinates with the Corps of Vigilantes in charge of the region the investigations of the complaints received ... related to violations of the law and regulation ..." "drafting and submittal of periodic reports to the Assistant Secretary."

■ As can readily be seen, the inherent functions of the Regional Director concern matters of partisan political concern, involve policymaking responsibilities, and allow the plaintiff to be both privy to confidential communication and a spokesman for the agency at the regional level. Having determined that the second inquiry is satisfied, we conclude that plaintiff's position as Regional Director of the Department of Natural Resources is one where political affiliation is an appropriate requirement for the office involved. *Jiménez-Fuentes v. Torres Gaztambide*, 807 F.2d 230, 246 (1st Cir.1986). Plaintiff, under the great weight of First Circuit authority, must yield his first amendment rights to the party currently controlling the executive branch. All the other Regional Directors of other executive agencies

whose positions were scrutinized on appeal from differing procedural phases of this type of litigation were found to require political affiliation with the PDP. *See e.g., Rosario Nevárez v. Torres Gaztambide,* 820 F.2d 525 (1st Cir.1987) (Rural Housing Authority; trial on the merits); *Pérez Quintana v. Gracia Anselmi,* 817 F.2d 891 (1st Cir.1987) (ADT; summary judgment); *Rosado v. Carmen Sonia Zayas,* 813 F.2d 1263 (1st Cir.1987) (Social Services Department; summary judgment); *Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258 (1st Cir.1987) (RHA; preliminary injunction); *Jiménez-Fuentes v. Torres Gaztambide,* 812 F.2d 258 (1st Cir.1987) (RHA; preliminary injunction); *Rodriguez Rodriguez v. Muñoz Muñoz,* 808 F.2d 138 (1st Cir.1986) (ADT; issue first advanced on appeal). Given that *Rosario Nevárez,* at 527–529, counsels that the only appropriate examination is on the OP–16 Form, a trial on the merits of this issue is unnecessary. Accordingly, the Court GRANTS Summary Judgment on the first amendment claim.

### III.  *Due Process Claim*

The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being dicharged. *Brock v. Roadway Express,* — U.S. —, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill,* 470 U.S. at 538, 105 S.Ct. at 1491.

The local law governing the issue of the property right is the Puerto Rico Public Service Personnel Law, ("Act") 3 L.P.R.A. § 1301, *et seq.* The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency …" 3 L.P.R.A. § 1350. In contrast, career employees may only be dismissed for "good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp. 1985). Confidential employees are "of free selection and removal." *Id.*

Under the Personnel Act, the Regional Director in the Department is classified as a trust or confidence position. The OP–16 job description form reads that he "substantially intervenes and collaborates in the public policymaking related to the department programs on the conservation and use of the country's natural resources." Under the Personnel Act, a trust employee does not possess a property interest to continued employment, and therefore, is not entitled to due process protections prior to discharge. *Laureano-Agosto v. Garcia-Caraballo,* 731 F.2d 101, 103 (1st Cir.1984). Accordingly, because he has no rights to due process, defendant is entitled to qualified immunity from damages for violation of the fourteenth amendment. Defendant's Motion for Summary Judgment on the due process claim is GRANTED, and the Court DISMISSES this claim.

Accordingly, because there are no issues left for trial, this case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.