**Mildred I. GOYCO de MALDONADO, Plaintiff,**

v.

**Jose A. RIVERA, individually and as President of the Puerto Rico Housing Bank and Finance Agency (Banco y Agencia de Financiamiento de la Vivienda de Puerto Rico), Defendant.**

Civ. No. 85–0820 (JP).

United States District Court, D. Puerto Rico.

Aug. 17, 1987.

Pedro Miranda Corrada, San Juan, P.R., for plaintiff.

José A. Sánchez Alvarez, Edificio Tres Ríos, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Mildred I. Goyco de Maldonado brought this action for back pay, damages, declaratory relief and injunctive relief pursuant to 42 U.S.C. § 1983. She alleges a cause of action arising under the first and fourteenth amendments to the United States Constitution for her demotion from the trust position of Executive Vice-President for Financing of the Puerto Rico Housing Bank and Finance Agency (hereinafter "Housing Bank"), to a lower career position. She alleges her demotion resulted from her political affiliation.

The matter is before the Court on defendant's motion for summary judgment, and plaintiff's opposition thereto. The Court held a hearing on the matter and the parties presented their respective contentions. In support of his motion, defendant contends that political affiliation is an appropriate requirement for the public office involved.

### I. *The Standard for Summary Judgment*

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting Co.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st

Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

## II. *Qualified Immunity*

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadía v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod,* the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti,* 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod,* 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadía, supra,* 792 F.2d at 1191.

Under the *Branti-Elrod* analysis, the threshold inquiry is to determine whether the position at issue relates to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide,* 803 F.2d 1, 6 (1st Cir.1986). *See also Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez Fuentes,* 803 F.2d at 6; *Collazo Rivera,* 812 F.2d at 261.

The First Circuit has further expanded the threshold inquiry by addressing whether the agency involved "handled matters potentially subject to political differences and to focus upon how the plaintiff's position influenced the resolution of such matters." *Mendez-Palou v. Rohena Betancourt,* 813 F.2d 1255, 1258 (1st Cir.1987). This inquiry is designed to eliminate from further consideration those positions involving "strictly technical or professional" functions. *Mendez Palou,* 813 F.2d at 1258.

The official duties of the position of Executive Vice President for Finance of the Housing Bank are described in the OP–16 Job Classification Form. Her inherent functions are equivalent to those held by Zaida Lydia de Choudens, who was the Senior Vice President of Finance with the Puerto Rico Development Bank. *See De Choudens v. Government Development Bank,* 801 F.2d 5 (1st Cir.1986). In *De Choudens,* the appeals court held that though the positions involved policymaking, the reposing of confidence, and communicating, her functions were so remote from partisan concerns such that political affiliation would be an inappropriate requirement. 801 F.2d at 6. Within de Choudens domain were accounting services, government agency advisory services, budgetary matters and collection services. The Court was mindful that she also possessed broad discretion in the Finance Area, the power to make rules and recommend reorganization, and the power to act as president of the Bank, among other discretionary duties. Notwithstanding the above, hers was a position that did not require political affiliation.

Similarly, the functions possessed by Goyco de Maldonado relate to the administration of loans, mortgage insurance, personnel and labor relations. Additionally, the Housing Bank is an entity within the Commonwealth of Puerto Rico Housing Department. 3 L.P.R.A. § 441e. The ultimate authority for the programs and operations of the Housing Bank rests with the Secretary of the Housing Department. *Id.* We conclude that though plaintiff may have possessed functions concerning policy-making and communicating, the political affiliation was not an appropriate requirement for her effective performance. Accordingly, the motion for summary judgment is DENIED.

### III. *Due Process*

 The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express,* — U.S. —, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill,* 470 U.S. at 538, 105 S.Ct. at 1491.

The local law governing the issue of the property right is the Puerto Rico Public Personnel Law, ("Act") 3 L.P.R.A. § 1301, *et seq.* The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency ..." 3 L.P.R.A. § 1350. In contrast, career employees may only be dismissed for "good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp.1985). Confidential employees are "of free selection and removal." *Id.*

Under the Personnel Act, the position at issue is classified as a trust or confidence position. A trust employee does not possess a property interest to continued employment, and therefore, is not entitled to due process protections prior to discharge. *Laureano-Agosto v. García-Caraballo,* 731 F.2d 101, 103 (1st Cir.1984). Defendant is entitled to both qualified immunity and a dismissal of the claim for violation of the fourteenth amendment. Defendant's motion for summary judgment on this claim is GRANTED, and the same is DISMISSED.

The Trial in this case will proceed on the first amendment claim only.

The Clerk shall enter Partial Judgment accordingly.

IT IS SO ORDERED.