**Luis J. GONZALEZ GONZALEZ, Plaintiff,**

v.

**Carmen Sonia ZAYAS, individually and as Secretary of Social Services of the Commonwealth of Puerto Rico, Defendant.**

**Civ. No. 85–0596 (JP).**

United States District Court, D. Puerto Rico.

Aug. 17, 1987.

Héctor Urgell Cuebas, Pedro Miranda Corrada, San Juan, P.R., for plaintiff.

Carlos del Valle, Hato Rey, P.R., for defendant.

### OPINION AND ORDER

PIERAS, District Judge.

Luis J. Gonzalez Gonzalez brought this action for back pay, damages, declaratory relief and injunctive relief against Carmen Sonia Zayas, individually and as Secretary of the Department of Social Services, pursuant to 42 U.S.C. § 1983. Plaintiff alleges a cause of action arising under the first and fourteenth amendments to the United States Constitution for his demotion from his trust position as Executive Director II to the career position of Executive Director I. He alleges the demotion resulted from his political affiliation.

The matter is before the Court on defendant's motion for summary judgment

and plaintiff's opposition thereto. In support of her motion, defendant argues that she is entitled to qualified immunity from damages, and that political affiliation is an appropriate requirement for the effective performance of the office involved.

### I. *The Facts*

Pursuant to the stipulations of the parties, there is no genuine issue as to the following material facts:

1. Plaintiff is 53 years old.

2. The plaintiff was employed in Social Services in a career position as Executive Director I, with last salary of $1,202.00. In 1980 he was changed to a trust position, Executive Director II, which functional title would be Director of Appeal Board, last salary of $1,599.00.

3. By letter of February 20, 1985, signed by defendant Carmen Sonia Zayas, effective February 28, 1985 plaintiff was removed from the trust position and reinstated as Executive Director I with a salary of $1,202.00.

4. The parties agree this is a trust position in accordance with the personnel law.

5. Defendant never told plaintiff that the cause of the discharge was political.

6. Carmen Sonia Zayas is a member of the Popular Democratic Party (PDP).

7. The PDP was in power 1973–76; the NPP was in power from 1977 to January 1985.

8. Ms. Silvia Calero substituted plaintiff and she is a member of the PDP.

### II. *The Standard for Summary Judgment*

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting Co.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1972);

*Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

### III. *Qualified Immunity*

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadia v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod,* the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti,* 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod,* 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadia, supra,* 792 F.2d at 1191.

Under the *Branti-Elrod* analysis, the threshold inquiry is to determine whether

the position at issue relates to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide*, 807 F.2d 236, 242–43 (1st Cir.1986). *See also Collazo Rivera v. Torres Gaztambide*, 812 F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jimenez Fuentes*, 803 F.2d at 242–43; *Collazo Rivera*, 812 F.2d at 261.

The First Circuit has further expanded the threshold inquiry by addressing whether the agency involved "handled matters potentially subject to political differences and to focus upon how the plaintiff's position influenced the resolution of such matters." *Mendez–Palou v. Rohena Betancourt*, 813 F.2d 1255, 1258 (1st Cir.1987). This inquiry is designed to eliminate from further consideration those positions involving "strictly technical or professional" functions. *Mendez–Palou*, 813 F.2d at 1258.

■ The OP–16 Job Classification form, with which we rely in determining whether political affiliation is appropriate, delineates the nature and scope of the position of Executive Director II. His functional title is that of Chairman of the Appellate Board of the Department of Social Services. He presides over this Board consisting of three Social Workers III, one Social Worker V, twelve Examining Officers, fourteen clerical officers, and one medical consultant. The Appellate Board hears all appeals from adverse personnel decision handed down by the Social Services Department. It is entrusted to "guarantee, by means of the process of appeal, the constitutional rights of the appellants by airing their allegations before an impartial organism." The Appellate Board is by its very nature immune from the partiality of the political concerns of the rivaling parties. Indeed, the Constitution favors no political party, and the requirement of an impartial tribunal stands as the embodiment of a fair and credible judicial system.

Neither do we believe that the inherent functions of the position itself require any political affiliation. As Chairman, plaintiff establishes the norms for hearing appeals, analyzes appeals and makes the final decision on all appeals. His position is functionally identical to the chief judge of an appellate court. One would not think that a circuit appellate judge could constitutionally be demoted to the district court because of his political affiliation. The judicial process requires that a judicial officer remain independent of any political party. His only constituent is the Constitution.

It has been clearly established law, for as long as our constitutional system of jurisprudence has been in existence, that the judiciary should be free from political interference. The fact that the appellate board exists within the executive branch makes its functions no less judicial. Because defendant's conduct violated clearly established rights held by the plaintiff, its motion for summary judgment on the first amendment claim is DENIED.

### IV. *Due Process*

■ The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express*, —— U.S. ——, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill*, 470 U.S. at 538, 105 S.Ct. at 1491.

The local law governing the issue of the property right is the Puerto Rico Public Personnel Law, ("Act") 3 L.P.R.A. § 1301, *et seq.* The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency ..." 3

L.P.R.A. § 1350. In contrast, career employees may only be dismissed for "good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp.1985). Confidential employees are "of free selection and removal." *Id.*

Under the Personnel Act, the Executive Director II is classified as a trust or confidence position. A trust employee does not possess a property interest to continued employment, and therefore, is not entitled to due process protections prior to discharge. *Laureano-Agosto v. Garcia-Caraballo,* 731 F.2d 101, 103 (1st Cir.1984). Accordingly, because plaintiff has no due process rights, defendant is entitled to both qualified immunity from damages and a dismissal of the cause of action under the fourteenth amendment. The motion for summary judgment on the due process claim is GRANTED, and the same is hereby DISMISSED.

The Trial in this case will proceed on the first amendment claim only.

The Clerk shall enter Partial Judgment accordingly.

IT IS SO ORDERED.