Victor M. CANDELARIO, et al., Plaintiffs,

v.

Antonio GONZALEZ CHAPEL, et al., Defendants.

Civ. No. 85–1041 (JP).

United States District Court, D. Puerto Rico.

Jan. 20, 1988.

Héctor Urgell Cuebas, Urgell, Miranda & Feijoo, San Juan, P.R., for plaintiffs.

José Hamid Rivera, Santurce, P.R., for defendants.

OPINION AND ORDER

PIERAS, District Judge.

Plaintiff Victor M. Candelario brings this action for back pay, damages, declaratory relief, and injunctive relief pursuant to 42 U.S.C. § 1983. He alleges political discrimination in that he was dismissed from his position as Assistant Secretary II, a trust position in the Office of the Secretary of the Agriculture and reinstated to his previous career position.

The discrimination alleged is that this dismissal was premised on Candelario's political affiliation. Plaintiff contends that the rationale for his firing violated his first amendment rights to freedom of speech and association, and that the manner in which the firing was carried out violated his fifth and fourteenth amendment rights to be free from deprivation of property without due process of law.

The Court has before it defendants' motion for partial summary judgment as to any damages claim on the basis of qualified immunity.

## I. *Standard for Summary Judgment*

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court must examine the record "in the light most favorable to ... the party opposing the motion." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1972).

Similarly the court must indulge all inferences favorable to the party opposing the motion. These rules must be applied with recognition of the fact that it is the function of summary judgment "to pierce formal allegations of facts in the pleadings ...", and to determine whether further exploration of facts is necessary. The language of Rule 56(c) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both "genuine" and "material." A material issue is one which affects the outcome of the litigation.

*Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (citations omitted), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

As the Supreme Court has recently amplified, the existence of some alleged factual dispute will not defeat a summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). Materiality is defined by the substantive law governing the case. *Id.* 106 S.Ct. at 2510.

## II. *Factual Background*

The record reveals the following undisputed and material facts.

1. Candelario began his service as Assistant Secretary II in the Department of Agriculture, on February 1, 1983. This position is classified in the "trust" wing of the Puerto Rico civil service as defined in 3 L.P.R.A. § 1350.

2. The Department of Agriculture of Puerto Rico is a cabinet-level department of the government of Puerto Rico. The Secretary of Agriculture is charged with the promotion and development of agriculture, horticulture, silviculture, cattle raising, and related agricultural industries in Puerto Rico. 3 L.P.R.A. § 354.

3. At the time of Candelario's dismissal, defendant Antonio González Chapel was the Secretary of Agriculture.

4. Governor Rafael Hernández Colón, the standard bearer of the Popular Democratic Party (PDP) ticket, appointed González Secretary of Agriculture after the rival New Progressive Party (NPP) was removed from the executive branch of government after the 1984 general election in Puerto Rico.

5. Candelario is a member of the NPP.

6. The duties inherent in the position of Assistant Secretary II in the Department of Agriculture, garnered from the position description form covering the post follow:

The incumbent of this position performs duties that are highly executive and complex, under the supervision of the Secretary and/or the Undersecretary of Agriculture. He collaborates in the making of administrative public policy of the department and its agencies.

1. This official has ample discretion in the performance of his duties and in the establishing of the procedures used in the area of administration of personnel, finances, purchases, supplies, administration of records, general services and other areas of the agency.

2. Counsels the Secretary, the Undersecretary and the directors of those agencies that are attached to the depart-

ment, in aspects dealing with public norms and policy regarding personnel, finances, purchases and conservation of equipment and regulation of property and norms as to the use of all government services, such as the mail, vigilance, maintenance, disposition of documents, etc.

3. Makes long and short-term planning regarding the utilization and development of human resources, the control of fiscal matters of the department and all of the support or back-up systems of the farming projects.

4. Supervises the five administrative branches of the agency: Personnel, General Services, Finances, Administration of Records, Purchases and Supplies.

5. Writes up for the Secretary and/or Undersecretary documents of the highest degree of complexity and confidentiality regarding aspects under his supervision.

6. Evaluates the administrative systems of the department & its agencies for purposes of suggesting to the Secretary any changes he deems necessary in order to achieve the department's goals.

7. Coordinates, along with the department's executive staff and its agencies, any special assignments that the Secretary or Undersecretary assign to him.

8. Upon express delegation by the Secretary and/or Undersecretary, he makes decisions concerning appointments, promotions, dismissals, destitutions, lease service contracts, accounts & other matters connected to all aspects of management.

7. On February 22, 1985, González wrote a letter to Candelario, dismissing Candelario from the post of Assistant Secretary II, effective February 26. The letter noted Candelario's right to an administrative appeal and his right to reinstatement in the last position Candelario held in the career civil service.

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statu-tory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadia v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod*, the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti*, 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod*, 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadia*, *supra*, 792 F.2d at 1191.

Under the *Branti–Elrod* analysis, the threshold inquiry is to determine whether the position at issue relate to partisan political interests or concerns. *Jiménez Fuentes v. Torres Gaztambide*, 807 F.2d 236, 241 (1st Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987); *see also Collazo Rivera v. Torres Gaztambide*, 812 F.2d 258, 260 (1st Cir. 1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez Fuentes*, 807

F.2d at 242; *Collazo Rivera,* 812 F.2d at 261.

The First Circuit has further expanded the threshold inquiry by addressing whether the agency involved "handled matters potentially subject to political differences and to focus upon how the plaintiff's position influenced the resolution of such matters." *Mendez–Palou v. Rohena Betancourt,* 813 F.2d 1255, 1258 (1st Cir.1987). This inquiry is designed to eliminate from further consideration those positions involving "strictly technical or professional" functions. *Mendez–Palou,* 813 F.2d at 1258.

■ The Court holds that the Department of Agriculture of Puerto Rico is an agency that handles matters potentially subject to political differences. The promotion and development of agriculture and its related industries can have a great effect on the economy of this island. The state of the economy is never far from the minds of the voters. Candelario's position, in turn, directly affects the provision of promotional and developmental services. *E.g., Román Meléndez v. Inclán,* 826 F.2d 130, 133–34 (1st Cir.1987), *citing Tomczak v. City of Chicago,* 765 F.2d 633 (7th Cir. 1985).

The first inquiry having been satisfied, the second inquiry focus on the inherent powers of the position. After the filing of defendants' motion for partial summary judgment, the law in the area of political discharge has been greatly simplified. In *Rosario Nevárez v. Torres Gaztambide,* 820 F.2d 525 (1st Cir.1987), the Court held that analysis of "inherent powers" in the position of Arecibo Regional Director for the Rural Housing Administration (RHA) obviated the need for any examination at trial of actual duties performed by plaintiff. *Rosario Nevárez,* 820 F.2d at 528 & n. 6 ("testimony at trial describing the duties he actually performed ... is irrelevant"). The analysis must be on the "inherent powers, not the duties actually performed." *Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258, 261 (1st Cir.1987).

In support of their motion, defendants argue that political affiliation is a proper requirement for the position of Assistant Secretary. A review of the plaintiff's OP–16 Classification Questionnaire indicates that plaintiff acts as a policymaker, a counselor, and a spokesman, is privy to confidential information, and has the authority to use his discretion to implement agency policy. As a matter of law and in accordance with the jurisprudence, plaintiff's position is one which may require political affiliation, and defendants may dismiss him for political reasons consistent with the first amendment. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). Accordingly, the motion for summary judgment claim is GRANTED, not only as to qualified immunity, but on the merits, and the Court DISMISSES this claim.

### III. *Due Process*

The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express,* 481 U.S. ——, 107 S.Ct. 1740, 97 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed. 2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill,* 470 U.S. at 538, 105 S.Ct. at 1491.

The local law governing the issue of the property right is the Puerto Rico Public Service Personnel Law, ("Act") 3 L.P.R.A. § 1301, *et seq.* The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency ..." 3 L.P.R.A. § 1350. In contrast, career employees may only be dismissed for

"good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp. 1985). Confidential employees are "of free selection and removal." *Id.*

Under the Personnel Act, the Assistant Secretary II is classified a trust or confidence position. Under the Personnel Act, a trust employee does not possess a property interest to continued employment, and therefore, is not entitled to due process protections prior to discharge. *Laureano–Agosto v. García Caraballo*, 731 F.2d 101, 103 (1st Cir.1984). Accordingly, because he has no rights to due process, defendant is entitled to qualified immunity from damages for violation of the fourteenth amendment. Defendant's Motion for Summary Judgment on the due process claim is GRANTED, and again, on the merits, the Court DISMISSES this claim.

Accordingly, because there are no issues left for trial, this case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.