## David CONCANNON, Plaintiff,

v.

## Michael CAPUANO, Robert Trahan and Paul Trane, Defendants.

### Civ. A. No. 93–12389–H.

United States District Court,
D. Massachusetts.

Jan. 20, 1994.

Isaiah Shalom, Cambridge, MA, for plaintiff.

Robert E. Holland, John Foskett, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Boston, MA, for defendants.

*MEMORANDUM AND ORDER*

HARRINGTON, District Judge.

This matter is before the Court on Defendants Michael Capuano, Robert Trahan, and Paul Trane's Motion to Dismiss Plaintiff David Concannon's Amended Complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, Defendants' motion is granted.

Plaintiff Concannon, a former employee of the Department of Public Works of the City of Somerville, has filed a two-count Complaint against Capuano, Somerville's Mayor; Trahan, its Commissioner of Public Works; and Trane, its Communications Director, alleging common law defamation and a violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was defamed when defendants, acting under the color of state law, accused him, in a series of newspaper articles, of stealing municipally-held, surplus food intended for needy persons in the City. The articles were published in various newspapers between the dates of March 21, 1991 and March 12, 1992. Plaintiff claims that as a result of these allegedly defamatory articles he suffered mental and emotional distress that rendered him unable to work beginning January, 1992; that he exhausted his sick leave on May 27, 1992; and that he then went on unpaid leave of absence until December 14, 1992, when he was terminated for failure to return to work. Defendants argue that plaintiff has failed to establish a sufficient nexus between the allegedly defamatory remarks and the deprivation of a constitutionally protected interest.

 In *Paul v. Davis*, the Supreme Court held that damage to reputation alone cannot state a claim for relief under Section 1983 because reputation is neither "liberty" nor "property" protected by the Due Process Clause. 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). In order to invoke the procedural protection of the Due Process Clause, reputational injury must coincide with the alteration of a more tangible interest, such as employment. *Id.* Where the injury to reputation is coupled with the loss of employment, the Court required that the defamation "occur in the course of the

termination of employment." *Id.* at 710, 96 S.Ct. at 1165.

Consistent with *Paul*, the First Circuit Court of Appeals, in Section 1983 claims predicated on defamation, has stated that a sufficient nexus must exist between the allegedly defamatory remarks and the constitutional deprivation. *See Celia v. O'Malley,* 918 F.2d 1017, 1021 (1st Cir.1990) (finding that allegedly defamatory remarks and constitutional deprivation were closely connected in timing and substance); *Brennan v. Hendrigan,* 888 F.2d 189, 196 (1st Cir.1989) (holding that defamatory statements must be made in course of dismissal); *Laureano–Agosto v. Garcia–Caraballo,* 731 F.2d 101, 104 (1st Cir.1984) (adopting *Paul's* "in the course of termination" standard). Other circuit courts of appeal are also in accord that injurious statements must have a proper connection with the deprivation of a constitutionally protected interest. *See Gobel v. Maricopa County,* 867 F.2d 1201, 1205 (9th Cir. 1989) (finding that a proper Section 1983 claim alleges a link between the false statements and the deprivation); *Marrero v. City of Hialeah,* 625 F.2d 499, 519 (5th Cir.1980) (stating that defamatory communication need not cause loss of protected interest but must occur in connection with the alteration of the interest).

■ Here, the plaintiff's Amended Complaint fails to allege a sufficient connection between the allegedly defamatory articles and plaintiff's loss of employment. Plaintiff's proffered link between the alleged defamation and his discharge is the mental and emotional distress that he suffered during the interceding months between March, 1991 and December, 1992. The plaintiff alleges that the distress led to his inability to work, which in turn resulted in his discharge. Pleaded as such, the loss of employment was a result of the distress and not directly related to the defamation.

■ When loss of employment is simply an extended and indirect consequence of the defamation, a tort claim under Massachusetts law is the most appropriate route of recovery. *See Tosti v. Ayik,* 394 Mass. 482, 496, 476 N.E.2d 928 (1985) (stating that defamation plaintiff may recover damages for mental suffering and loss of employment). In contrast, Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of ... tort law." *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). Hence, where the connection between the defamation and the constitutional deprivation is only an indirect consequence of the defamation, a Section 1983 claim does not lie. Federal courts should not expand their jurisdiction by federalizing, under the guise of the broad umbrella of the Fourteenth Amendment, a matter which is, in essence, a state tort claim; otherwise the equilibrium of power necessary to the smooth working of our federal system becomes destabilized. State courts must be allowed to exercise their traditional authority to resolve disputes sounding in tort if the federal judicial system is not to sink in a deluge of litigation. As stated in *Paul v. Davis,* the Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the states." 424 U.S. at 701, 96 S.Ct. at 1160. Accordingly, plaintiff's Section 1983 Count is dismissed and the Court declines to accept pendent jurisdiction as to the defamation claim. The Complaint is ordered dismissed.

SO ORDERED.