Julio A. NOLLA AMADO, Plaintiff,

v.

Jose L. RIEFKOHL–RIVAS, individually and as Acting Executive Director of the Puerto Rico Aqueduct & Sewer Authority; Puerto Rico Aqueduct and Sewer Authority (PRASA), Defendants.

Civ. No. 85–1196 (JP).

United States District Court,
D. of Puerto Rico.

Sept. 28, 1987.

Harry Anduze, Santurce, P.R., for plaintiff.

Paul Smith, Santurce, P.R., for José Rief-kohl.

Edgardo Colón Arrarás, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Julio Nolla Amado brings this action for back pay, damages, declaratory relief and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges a cause of action arising under the first and fourteenth amendments to the United States Constitution for the dismissal from his position as Legal Advisor/General Counsel of the Puerto Rico Aqueduct and Sewer Authority (PRASA).

The matter is before the Court on defendant's motion for summary judgment and plaintiff's opposition thereto.

The record reveals the following uncontested material facts.

From December 10, 1981, to March 25, 1985, plaintiff occupied the position of Legal Advisor or General Counsel of PRASA, earning a yearly salary of $33,780.00. He also served as Secretary of the Board of Governors of PRASA, a non-salaried position. Plaintiff was dismissed from his position by defendant José L. Riefkohl, the Acting Executive Director of PRASA, by letter dated March 21, 1985, effective March 25, 1985. The dismissal letter read that plaintiff was dismissed because he held a trust position.

The legal Advisor is PRASA's in-house counsel, and his work is reviewed by the Executive Director of the agency. The Classification Plan for the Legal Advisor delineates the inherent functions, which is outlined, infra.

### I. *The Standard of Summary Judgment*

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

### II. *Qualified Immunity*

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadía v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod*, the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti*, 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod*, 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the

defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadía, supra,* 792 F.2d at 1191.

■ Under the *Branti-Elrod* analysis, the threshold inquiry is to determine whether the position at issue relate to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236, 241 (1st Cir.1986); *see also Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez Fuentes,* 807 F.2d at 242; *Collazo Rivera,* 812 F.2d at 261.

PRASA is entrusted with providing adequate and safe drinking water and sanitary sewage service to all residents of Puerto Rico, 22 L.P.R.A. § 144, an area of government that "could deal with matters of partisan interest or concern on a regular basis." *Mendez-Palou v. Rohena-Betancourt,* 813 F.2d 1255, 1262 (1st Cir.1987).

The Classification Plan similarly reveals that the inherent functions are such that plaintiff did not have clearly established rights to be free from a patronage dismissal. The Legal Advisor directs and supervises a group of eight attorneys and administrative employees assigned to the legal staff. He renders his professional judgment and advice to the Executive Director in the application of administrative, civil and judicial law to problems confronting PRASA. He counsels PRASA's high ranking officers on legal matters, acts as a spokesman before the legislature, and represents the agency in administrative and judicial proceedings. He directs and supervises the agency's litigation and advises the head of PRASA with respect to the conduct and progress of the litigation. The Legal Advisor is a member of the agency's Executive Committee, and performs the role of advisor with regard to contract bids, litigation, personnel and labor relations. We find as a matter of law and in accordance with jurisprudence, that plaintiff's inherent duties are such that defendants could not

have known or reasonably should have known that their conduct would violate clearly established first amendment rights held by plaintiff. As a matter of law, political affiliation is an appropriate requirement of plaintiff's position. *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). *Mendez-Palou v. Rohena-Betancourt,* 813 F.2d 1255 (1st Cir.1987). Given that under *Rosario Nevarez v. Torres Gaztambide,* 820 F.2d 525 (1st Cir.1987), the only appropriate examination is the OP–16 form, a trial on the merits is unnecessary. Accordingly, the Court GRANTS the Motion for Summary Judgment and DISMISSES the first amendment claim.

### III. *Due Process*

■ The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express,* —— U.S. ——, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed. 2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill,* 470 U.S. at 538, 105 S.Ct. at 1491.

■ The local law governing the issue of the property right is the Puerto Rico Public Personnel Law, ("Act") 3 L.P.R.A. § 1301, *et seq.* The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency ..." 3 L.P.R.A. § 1350. In contrast, career employees may only be dismissed for "good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp.1985). Confidential employees are "of free selection and removal." 3 L.P.R.A. § 1350.

Under the Personnel Act, the Legal Advisor is classified as a trust position under the Personnel Act; a trust employee holds no property interest to continued employment, and therefore is not entitled to due process protections prior to discharge. *Id.; Laureano–Agosto v. García–Caraballo,* 731 F.2d 101 (1st Cir. 1984). Because he has no rights to due process, defendant is entitled to qualified immunity from damages and a dismissal of the claim for violation of the fourteenth amendment due process rights. Defendant's motion for summary judgment on the due process claim is GRANTED, and the Court DISMISSES this claim.

Because there are no issues left for trial, the case is DISMISSED.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.