**Mario RAMIREZ MORALES, Plaintiff,**

**v.**

**Juan AGOSTO ALICEA, individually and as Secretary of the Treasury Department of the Commonwealth of Puerto Rico; Victoria Rios Ramos, individually and as Auxiliary Secretary of the Treasury Department of the Commonwealth of Puerto Rico; Angel Perez Munoz, individually and as Director of the Bureau of Excise Taxes of the Treasury Department of the Commonwealth of Puerto Rico, Defendants.**

**Civ. No. 86–0450 (JP).**

United States District Court, D. Puerto Rico.

Sept. 28, 1987.

Héctor Urgell, Pedro Miranda, San Juan, P.R., for plaintiff.

García Rodón, Correa Márquez & Valderas, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff Mario Ramirez Morales brings this action for back pay, damages, declaratory relief and injunctive relief pursuant to 42 U.S.C. § 1983. He alleges political discrimination in that he was demoted from his position as Special Aide IV, a trust position in the Office of the Secretary of the Treasury, to a career position, but was not assigned the tasks specified in the job classification for the career position.

The matter is before the Court on defendant's motion for summary judgment. The Court previously entered Judgment in favor of defendant, and the plaintiff withdrew its claim for injunctive relief. We now enter the opinion and order.

The record reveals the following uncontested material facts.

In 1982, plaintiff was employed by the Secretary of the Treasury of Puerto Rico as a Special Aide IV, a trust position. He was one of the immediate aides to the Secretary of the Treasury. Juan Agosto Alicea is the Secretary of the Treasury. In his official capacity he has the ultimate responsibility for the administration of the Treasury Department, including the determination of plaintiff's employment status.

On April 2, 1985, the Secretary removed plaintiff from his position as Special Aide IV, and reinstated him to a career position, as Executive Director I in the Bureau of Excise Taxes, which was equal to or similar to his previous career position. However, he was not assigned the tasks specified in the job classification form. Effective September 2, 1986, plaintiff was assigned to the Division of Intervention of Documents.

Plaintiff is a member of the New Progressive Party (NPP), the party who lost the 1984 general elections to the Popular Democratic Party (PDP).

I. The Standard for Summary Judgment

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

II. Qualified Immunity

In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity from liability for damages is available to

state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadia v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986). At the time of plaintiff's demotion, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod,* the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his first amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti,* 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod,* 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiff's position. *De Abadia, supra,* 792 F.2d at 1191.

Under the *Branti-Elrod* analysis, the threshold inquiry is to determine whether the position at issue relate to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236, 241 (1st Cir.1986); *see also Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez*

*Fuentes,* 807 F.2d at 242; *Collazo Rivera,* 812 F.2d at 261.

The First Circuit has further expanded the threshold inquiry by addressing whether the agency involved "handled matters potentially subject to political differences and to focus upon how the plaintiff's position influenced the resolution of such matters." *Mendez-Palou v. Rohena–Betancourt,* 813 F.2d 1255, 1258 (1st Cir.1987). This inquiry is designed to eliminate from further consideration those positions involving "strictly technical or professional" functions. *Mendez–Palou,* 813 F.2d at 1258.

In support of their motion, defendants argue that political affiliation is a proper requirement for the position of Special Aide IV. A review of the plaintiff's OP–16 Classification Questionnaire indicates that plaintiff acts as a spokesman, is privy to confidential information, and has the authority to use his discretion to implement agency policy. As a matter of law and in accordance with the jurisprudence, plaintiff's position is one which may require political affiliation, and defendants may dismiss him for political reasons consistent with the first amendment. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). Accordingly, the motion for summary judgment on the first amendment claim is GRANTED, and the Court DISMISSES this claim.

III. Due Process

■ The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express,* —— U.S. ——, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent

source such as state law." *Loudermill*, 470 U.S. at 538, 105 S.Ct. at 1491.

The local law governing the issue of the property right is the Puerto Rico Public Personnel Law, ("Act") 3 L.P.R.A. § 1301, et seq. The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency ..." 3 L.P.R.A. § 1350. In contrast, career employees may only be dismissed for "good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp.1985). Confidential employees are "of free selection and removal." *Id.*

Under the Personnel Act, the Special Aide IV is classified as a trust or confidence position. Under the Personnel Act, a trust employee does not possess a property interest to continued employment, and therefore, is not entitled to due process protections prior to discharge. *Laureano-Agosto v. Garcia Caraballo*, 731 F.2d 101, 103 (1st Cir.1984). Accordingly, because he has no rights to due process, defendant is entitled to qualified immunity from damages for violation of the fourteenth amendment. Defendant's Motion for Summary Judgment on the due process claim is GRANTED, and the Court DISMISSES this claim.

Accordingly, because there are no issues left for trial, this case is DISMISSED.

IT IS SO ORDERED.