Mario RAMIREZ–MORALES,
Plaintiff, Appellant,

v.

Juan AGOSTO–ALICEA, etc., et al.,
Defendants, Appellees.

No. 87–2107.

United States Court of Appeals,
First Circuit.

Heard Sept. 8, 1988.
Decided Dec. 1, 1988.

Hector Urgell Cuebas with whom Pedro Miranda Corrada, San Juan, P.R., was on brief, for plaintiff, appellant.

Alice Net Carlo, Rio Piedras, P.R., with whom Law Offices of Garcia Rodon, Correa Marquez & Valderas, Hato Rey, P.R., was on brief, for defendants, appellees.

Before COFFIN, ALDRICH and BREYER, Circuit Judges.

PER CURIAM.

Plaintiff, Mario Ramirez Morales, appeals from a summary judgment entered by the district court in favor of defendants, 671 F.Supp. 117. Plaintiff formerly held the post of Special Aide IV, a "trust" position in the Office of the Treasury. In April of 1985, he was demoted to a "career" position, but was not assigned the duties specified in the job classification for that position. Plaintiff brought this action in the district court seeking, *inter alia,* reinstatement and damages. The complaint alleged that both the initial decision to demote him from his trust position as Special Aide IV and the failure to assign him the duties of his career position violated his rights under the First and Fourteenth Amendments of the Constitution. Defendants moved for summary judgment and the district court granted the motion, dismissing plaintiff's complaint in its entirety. In its Opinion and Order, however, the court discussed only the claims relating to the initial demotion and not those regarding the loss of duties.

Plaintiff concedes on appeal that the district court correctly dismissed those claims relating to the loss of his trust position, and we therefore affirm that portion of the district court's order. As to the claims covering the loss of duties, we take no position at this time, but instead remand to the district court for its further consideration. We do so because of certain representations made to the district court by defendants.

Defendants repeatedly represented to the district court that plaintiff's loss of duties was only "temporary" and, at one point, even stated that plaintiff would be reassigned his duties "within a few weeks." When this court inquired into the matter at oral argument, counsel for defendants stated that she did not know why plaintiff still had not been assigned his full duties but said she would find out and provide us with a letter of explanation. We are still waiting for the letter more than a month later.[1] Given these representations, it is not surprising that the district court felt no need to spend time on the claims relating to the loss of duties.

It has now been more than a year since the district court entered judgment for defendants and, as far as we know, plaintiff still has not been assigned his full duties. In light of these unfulfilled promises, we think it important that the district court have an opportunity to reassess its decision. We therefore vacate that part of the court's order dismissing the claims covering the loss of duties and remand for further consideration.

SO ORDERED.

NO COSTS.

---

1. As this opinion was about to be published, we received a letter from defendants. The letter does no more than refer us to an accompanying form outlining the tasks of plaintiff's career position, presumably for the purpose of convincing us that plaintiff is unqualified for the post. This is totally unresponsive. We have no reason to doubt that plaintiff is unsuited for this particular career position. What we would like to know is why the district court was led to believe that plaintiff's loss of duties would be only temporary.